O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBEY KURT HAIRSTON, | ) | NO. EDCV 14-00411-RGK (MAN) |
| Petitioner, | ) | ORDER: DISMISSING PETITION WITHOUT |
| | ) | PREJUDICE; AND DENYING CERTIFICATE OF |
| v. | ) | APPEALABILITY |
| | ) | |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | |
| Respondent. | ) | |

On February 26, 2014, Petitioner, a California prisoner, filed a habeas petition in the United States District Court for the Southern District of California ("Petition"). On March 3, 2014, the Southern District transferred the Petition to this District, in which it now is pending.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is unexhausted.[1] Therefore, the Petition must be dismissed without prejudice.

---

[1] The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

**DISCUSSION**

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); <u>Fields v. Waddington</u>, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* <u>Baldwin v. Reese</u>, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See* <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See* <u>Baldwin</u>, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); <u>Keating v. Hood</u>, 133 F.3d 1240, 1242 (9th Cir. 1998).

Petitioner alleges that he was convicted in the Riverside County Superior Court on October 25, 2013 (the "2013 Conviction"), and the instant Petition challenges the 2013 Conviction. Petitioner admits that he has not exhausted the claims alleged in the Petition, because he states, under penalty of perjury, that he did not appeal the 2013 Conviction and did not seek any post-conviction relief with respect to the 2013 Conviction. (Petition at 2-4.) In addition, the Court has

2

1   reviewed the dockets for the California Supreme Court, which are available electronically,[2] and

2   takes judicial notice of their contents pursuant to Rule 201 of the Federal Rules of Evidence.  A

3   search of those dockets shows that Petitioner has not filed *any* proceeding in the California

4   Supreme Court since the latter part of 2010, when he filed 11 habeas petitions.[3]  As those filings

5   were made, and concluded, approximately three years before Petitioner sustained the 2013

6   Conviction challenged by the instant Petition, they plainly did not exhaust the claims alleged in

7   the Petition.

8

9        Accordingly, as Petitioner admits, the Petition is unexhausted, because he did not present

10   his claims to the California Supreme Court, and afford that court a chance to rule on them, before

11   seeking federal habeas relief.  Because the Petition is fully unexhausted, it must be dismissed

12   without prejudice.  <u>Rose</u>, 455 U.S. at 522, 102 S. Ct. at 1205.[4]

13

14        For the foregoing reasons, it is plain from the face of the Petition that summary dismissal

15   of the Petition is required.  Accordingly, IT IS ORDERED that:  the Petition is dismissed without

16   prejudice; and Judgment shall be entered dismissing this action, without prejudice.

17

18        In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the

19

20   ―――――――――――

21       [2]    *See* http://appellatecases.courtinfo.ca.gov.

22       [3]    See California Supreme Court Case Nos. S186745, S186744, S186742, S186741, S185788, S185388, S185387, S185386 S185384, S185382, and S185379.

23       [4]    Under prevailing law, a fully unexhausted federal habeas petition may not be stayed
24   and must be dismissed.  *See, e.g.,* <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing:  "Once a district
25   court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for
26   failure to exhaust."); <u>Jones v. McDaniel</u>, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only
27   available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001)
28   (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: March 18, 2014                    .

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

4